IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MATILDA WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 2:22-cv-516-ECM-SMD |
| v. | ) | |
| | ) | |
| LEVERN COHEN, Warden, Ridgeland | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 25, 2022, pro se Plaintiff Matilda Wells ("Wells") filed a complaint against Defendant Levern Cohen ("Cohen"), whom she identifies as Warden of the Ridgeland Correctional Institution.[1] Compl. (Doc. 1). The undersigned granted Wells's request to proceed *in forma pauperis* and therefore reviewed her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Order (Doc. 10). Because the nature of Wells's complaint was difficult to discern, the undersigned ordered Wells to file an amended complaint that complies with the Federal Rules of Civil Procedure and the specific directives set forth in the undersigned's order. Order (Doc. 13). Wells filed an amended complaint, but the amended complaint (Doc. 17) fares no better than her original complaint.[2] Thus, for the

---

[1] Ridgeland Correctional Institution is located at 5 Correctional Road, Ridgeland, South Carolina. *See* SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, https://www.doc.sc.gov/institutions/institutions.html (last visited May 23, 2023).

[2] Wells's Complaint and Amended Complaint appear to be of the sovereign citizen genre. Courts have consistently rejected the outlandish legal theories of sovereign citizens claims. *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (recognizing that courts routinely reject sovereign citizen legal

reasons that follow, the undersigned recommends that Wells's Amended Complaint be dismissed and that her Motion for Relief from Judgment (Doc. 12) be denied as moot.

## I.   STANDARD OF REVIEW

In the Eleventh Circuit, a federal district court may review any complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B). *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). Under this statute, a district court must dismiss a complaint if it: (i) is "frivolous or malicious," (ii) "fails to state a claim on which relief may be granted,"[3] or (iii) "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A reviewing court may dismiss a complaint subject to § 1915(e) review prior to the issuance of process so that defendants are not required to answer frivolous complaints. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

A frivolous complaint "lacks an arguable basis either in law or in fact." *Id.* at 325. A complaint is frivolous in fact when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably

---

theories as "frivolous"); *United States v. Benabe*, 654 F.3d 753, 761–67 (7th Cir. 2011) (discussing sovereign citizen arguments as having no validity in country's legal system and recommending that they be "rejected summarily, however they are presented"); *Lawrence v. Holt*, 2019 WL 1999783, at *2 (N.D. Ala. Apr. 12, 2019), *report and recommendation adopted*, 2019 WL 1989607 n.1 (N.D. Ala. May 6, 2019) (noting the Eleventh Circuit has repeatedly rejected sovereign citizen legal theories as frivolous); *Roach v. Arrisi*, 2016 WL 8943290, at *2 (M.D. Fla. 2016) (recognizing that sovereign citizen theories have been consistently rejected by courts and describing them as "utterly frivolous," "patently ludicrous," and a waste of the court's time "being paid for by hard-earned tax dollars") (citation omitted).

[3] Because "[t]he language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," courts in this Circuit "apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint is frivolous as a matter of law where, *inter alia*, the defendants enjoy immunity from suit or the claims asserted seek to enforce non-existent legal rights. *Neitzke*, 490 U.S. at 327. "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To state a claim on which relief may be granted, a complaint must meet the pleading standards set forth in the Federal Rules of Civil Procedure. *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019). Federal Rule of Civil Procedure 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 also requires that each allegation in the complaint "be simple, concise, and direct." FED. R. CIV. P. 8(d). Rule 10 requires that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Thus, to comply with federal pleading standards, a complaint must—at a minimum—set forth claims in numbered paragraphs as required by Rule 10 and allege sufficient facts for the court to reasonably infer that a defendant's actions were unlawful.

In conducting § 1915 review, a court should liberally construe the pleadings of the pro se plaintiff and hold the allegations within the complaint to less stringent standards than those drafted by lawyers. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). A reviewing court should freely give a pro se plaintiff leave to amend a deficient

3

pleading. *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010). However, a court need not give a pro se plaintiff leave to amend "where amendment would be futile"[4]—i.e., where the complaint as amended would still be subject to dismissal.[5]

## II.    FACTUAL ALLEGATIONS

From best the undersigned can tell, Wells alleges that a South Carolina state court judgment—that involves an individual named Roger Syntell Legette—is void pursuant Federal Rule of Civil Procedure 60(b)(4) because it violated the due process rights of Legette. *See* Am. Compl. (Doc. 17). Specifically, Wells claims that "[t]his matter arose from corporate usurpation[,]" and that "the gravamen of the complaint is that employees breached their fiduciary duties and usurped corporate opportunities" under South Carolina law. *Id*. at 2. She claims that this resulted in "sham legal process" in violation of South Carolina law, "which provided the basis of the 'fraud' that produced the legal nullity . . . that sanctioned the unlawfully conducted sham process." *Id*. at 3.

Wells does not appear to be a party to the underlying South Carolina state court litigation but claims to have "intervened in this matter as a private attorney general in order to protect the interest(s)" of Legette, whom she states "has been declared 'civilly dead' and therefore unable to speak or present any relevant information to the court." *Id*. at 2.

---

[4] *Stringer*, 392 F. App'x at 760.

[5] *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007).

## III.   DISCUSSION

Wells's amended complaint should be dismissed for the reasons discussed below. Because Wells has already been afforded an opportunity to amend her complaint, the Court should dismiss the complaint without further opportunity to amend.

### A.  Wells Does Not Have Standing to Bring This Claim

Article III confers federal court jurisdiction only on cases or controversies. U.S. Const. Art. III, § 2; *see also Raines v. Byrd*, 521 U.S. 811, 818 (1997). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines*, 521 U.S. at 818. "[T]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*

Federal courts lack subject matter jurisdiction over a complaint that fails to make plausible allegations of standing. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan*, 504 U.S. at 561. The burden of proof for establishing standing is the same as the general burden of proof at the pleading stage: plausibility. *See id.*

To establish injury in fact—the threshold inquiry in standing—a plaintiff must show that she suffered "an invasion of a legally protected interest" that is "concrete and

particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks omitted). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Robins*, 578 U.S. at 340 (quoting *Lujan*, 504 U.S. at 560 n.1). For an injury to be "concrete," the "injury must be 'de facto'; that is, it must actually exist." *Id.* (citation omitted).

Here, Wells has failed to plausibly show that she has suffered an injury in fact. As best the undersigned can tell, Wells alleges that the South Carolina state court judgment—of which she was not a party—is void because it violated the due process rights of Legette. In no way has she alleged how she has been harmed by that judgment. As such, the undersigned finds that Wells has failed to establish that she has standing to bring a claim—whatever it may be—challenging the South Carolina judgment. And because Wells lacks standing, this Court lacks subject matter jurisdiction over her amended complaint.

There are limited circumstances under which a litigant may bring an action on behalf of a third party. But to do so, three criteria must be satisfied. First, "the litigant must have suffered an 'injury-in-fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute." *Harris v. Evans*, 20 F.3d 1118, 1122 (11th Cir. 1994) (quoting *Powers*, 499 U.S. at 411 (citations omitted)) Second, "the litigant must have a close relation to the third party." *Id*. And, third, "there must exist some hindrance to the third party's ability to protect his or her own interests." *Id*. Courts do not "look[] favorably upon third-party standing." *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004).

To the extent that Wells may be attempting to bring a claim on Legette's behalf, Wells has failed to allege that she has suffered an injury-in-fact arising from the South

Carolina state court judgment against Legette. Additionally, while she alleges that Legette is "civilly dead," she has not alleged that she has a close relation to him or otherwise indicated what that relationship is. Thus, Wells may not bring an action on behalf of Legette. And, importantly, because Wells is proceeding pro se, she cannot litigate on behalf of others. *See* 28 U.S.C. § 1654; *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (stating that 28 U.S.C. § 1654 provides a personal right for litigants to "conduct their own cases personally" that does not extend to the representation of others).

In summary, then, Wells has failed to establish that she has standing to bring claims on her behalf or on behalf of Legette arising from the South Carolina state court judgment. Thus, Wells's amended complaint is frivolous and should be dismissed.

### B. Wells Has Not Shown That This Court Is the Proper Venue for the Dispute

Even if Wells's amended complaint were not frivolous, Wells has failed to show—or even suggest—that venue is proper in the Middle District of Alabama. A federal court may *sua sponte* dismiss a complaint if it is filed in the wrong venue.[6] The Federal Rules provide that venue is proper in

---

[6] The Eleventh Circuit has made clear that "a district court may dismiss a suit *sua sponte* for lack of venue[,]" but "it may not do so without first giving the parties an opportunity to present their views on the issue." *Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005). Notice is sufficient when a magistrate judge issues a recommendation that a complaint be dismissed for improper venue and allows the parties an opportunity to object to that recommendation before the district court dismisses the complaint. *See Wilkinson v. Sec'y, Fla. Dep't of Corrs.*, 622 F. App'x 805, 809 (11th Cir. 2015) (holding that the district court's *sua sponte* dismissal of a pro se plaintiff's claims against multiple defendants for improper venue was permissible where the pro se plaintiff received notice of the magistrate judge's report and had an opportunity to object to that report). Here, Wells will have an opportunity to object to the undersigned's recommendation that the amended complaint be dismissed for improper venue prior to the district court dismissing the amended complaint, if at all, for improper venue.

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

Here, Wells's amended complaint lacks any factual basis establishing that venue in the Middle District of Alabama is proper. Indeed, Wells does not allege that Cohen resides in the Middle District of Alabama. Thus, venue is not proper under § 1391(b)(1). Additionally, none of the events or omissions giving rise to Wells's claims occurred in this district. Instead, the claims appear to arise from events occurring in South Carolina. Therefore, venue is not proper under § 1391(b)(2). Finally, there is no indication that § 1391(b)(3) is applicable. As such, Wells has not shown that this Court is the proper venue for her claim. And because the undersigned previously found that Wells's amended complaint is also frivolous, *see supra* Section IIIA, the amended complaint should be dismissed instead of transferred to a more appropriate venue. *See* 28 U.S.C. § 1406(a); *Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 478 (11th Cir. 2020) (holding that because the pro se plaintiff's "claims were frivolous and an abuse of judicial process, the district court appropriately declined to transfer this case to a different venue").

**C. Wells's Amended Complaint Does Not Meet Federal Pleading Standards**

Finally, Wells's amended complaint should be dismissed because it violates the federal pleading standard and does not give Cohen adequate notice of the claims against him. In the undersigned's order directing Wells to amend her complaint, the undersigned specifically advised Wells that her amended complaint "must contain factual allegations about the defendant's conduct, clearly indicating which specific factual allegations provide support for which cause(s) of action and noting the relevant date of all such actions." Order (Doc. 13) p. 4. Wells's amended complaint wholly fails to comply with this directive. Indeed, although Wells names Cohen as the sole defendant, there are no allegations in the amended complaint pertaining to Cohen's actions or inactions resulting in harm to Wells or anyone else. Additionally, the undersigned advised Wells that her amended complaint "must include clear allegations of fact showing that Wells is entitled to relief" and that the alleged facts "must be stated in a clear, concise, and direct manner" not to include "legal argument, legal standards, or legal conclusions." *Id*. Wells's amended complaint also fails to comply with this directive, as her "allegations" appear to be nothing more than legal jargon that is not connected to any viable claim. As such, the amended complaint is due to be dismissed.

**V.   CONCLUSION**

For these reasons, it is the

RECOMMENDATION of the undersigned United States Magistrate Judge that Wells's Amended Complaint (Doc. 17) be DISMISSED without prejudice and that her

Motion for Judgment (Doc. 12) and her Motion to Reopen Cases (Doc. 18) be DENIED as MOOT. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before July 7, 2023**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of June, 2023.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE